1  JOHN D. NIBBELIN, COUNTY COUNSEL (SBN 184603)
   By: Kimberly A. Marlow, Deputy (SBN 130342)
2  By: Timothy J. Fox, Lead Deputy (SBN 190084)
   By: Lauren F. Carroll, Deputy (SBN 333446)
3  Hall of Justice and Records
   400 County Center, 6th Floor
4  Redwood City, CA  94063
   Telephone: (650) 363-4787
5  Facsimile: (650) 363-4034
   E-mail: lcarroll@smcgov.org
6          kmarlow@smcgov.org
           tfox@smcgov.org
7

8  Attorneys for Defendant
   COUNTY OF SAN MATEO
9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13 MENDELSON, FELIX, as trustee for THE          Case No. 20-cv-05696-AGT
   SHTAIMAN FAMILY TRUST,
14                                                **DEFENDANT'S SUPPLEMENTAL BRIEF
              Plaintiff,                          IN RESPONSE TO COURT'S NOV. 3, 2022,
15                                                ORDER LIFTING STAY AND
         vs.                                      REOPENING CASE (ECF NO. 46)**
16
   COUNTY OF SAN MATEO,
17
              Defendant                           **THE HONORABLE ALEX G. TSE**
18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    Introduction

Earlier this month, the Ninth Circuit considered a regulatory takings lawsuit that closely resembles the case before this Court and concluded that it was unripe. In *Ralston v. County of San Mateo*, two landowners wanted to build a house on a piece of property located in the coastal zone of San Mateo County ("the County"). Instead of applying for a development permit, they brought a premature lawsuit challenging the County's Local Coastal Program ("LCP") regulations as a taking of their property. Here, Plaintiff Felix Mendelson ("Plaintiff") also owns coastal property—in fact, in the same neighborhood as the land at issue in *Ralston*—and wants to build a house there. Plaintiff similarly filed a premature lawsuit challenging the County's LCP instead of applying for a development permit.

Consistent with decades of precedent, the Ninth Circuit held that *Ralston* was unripe because the County had not made a final decision about how the LCP regulations apply to the property. This Court should likewise conclude that Plaintiff has not alleged a ripe regulatory takings or unreasonable seizure claim and grant the County's motion to dismiss.[1]

## II.    Procedural background

Plaintiff filed this lawsuit (hereafter referred to as "*Mendelson*") against the County on August 14, 2020. Compl., ECF No. 1. This Court dismissed it on ripeness grounds several months later, on December 1, 2020. Order Granting Mot. to Dismiss, ECF No. 23. This Court concluded that both Plaintiff's Fifth Amendment takings and Fourth Amendment unreasonable seizure claims were unripe because he has yet to submit a meaningful application for a permit to develop his land. Order p. 6. Plaintiff appealed the dismissal to the Ninth Circuit. Notice of Appeal, ECF No. 24 (Ninth Circuit Case No. 20-17389).

While *Mendelson* was pending in the Ninth Circuit, the U.S. Supreme Court issued an opinion that discussed the ripeness requirements for Fifth Amendment takings claims. *Pakdel v. City & Cnty. of San Francisco*, __ U.S. ___, 141 S. Ct. 2226 (2021). Following *Pakdel*, on Oct. 27, 2021, the Ninth

---

[1] The Ninth Circuit's decision in *Ralston* is an unpublished disposition. Pursuant to Circuit Rule 36-3, it is not precedent. However, this Court may cite to it and consider it for its persuasive value.

Circuit vacated the order of dismissal, remanded *Mendelson* to the District Court, and instructed this Court to reevaluate the County's motion to dismiss in light of *Pakdel*. Mem., ECF No. 26.

On remand, this Court initially ordered the parties to file supplemental briefing addressing the potential impact of the rule in *Pakdel* on the facts in *Mendelson*. Supp. Br. Order, ECF No. 27. Both parties filed supplemental briefs in response to this order, as well as responses to each other's briefs. ECF Nos. 31, 32, 35, 36. Additionally, Plaintiff filed a Request for Judicial Notice, which Defendant opposed. ECF Nos. 33, 37. This Court did not rule on the County's motion after receiving these papers. Instead, the Court stayed further proceedings, pending a ruling from the Ninth Circuit in the similarly situated *Ralston* case. Order Staying Case, ECF No. 43. The Ninth Circuit issued its ruling in *Ralston* on Nov. 1, 2022, and this Court has accordingly lifted the stay in *Mendelson*. [2] *Ralston v. Cnty. of San Mateo*, No. 21-16489, 2022 WL 16570800 (9th Cir. 2022); Order Lifting Stay and Reopening Case, ECF No. 46.

### III.    *Ralston* confirms Plaintiff has not received a final decision sufficient to ripen his constitutional claims.

Like Plaintiff, Linda Mendiola and Randy Ralston (together "*Ralston* Plaintiffs") own property in the County's coastal region. Also like Plaintiff, the *Ralston* Plaintiffs came to their own conclusion that their property is undevelopable due to the LCP's restrictions on development in riparian corridors. *Ralston*, at *1. And like Plaintiff, the *Ralston* Plaintiffs have not yet applied for any development permit, including the required coastal development permit. *Id.* Consequently, the County has not issued any decision whatsoever approving or denying any specific proposed development on either property at issue in these two cases. The Ninth Circuit concluded that the *Ralston* Plaintiffs did not satisfy the finality rule, which says a regulatory takings claim is not ripe for adjudication until the government has reached a final decision about how its regulations apply to the property. *Id.* The Ninth Circuit found that the District Court properly dismissed *Ralston* for three reasons, all of which also apply to *Mendelson*.

First, the *Ralston* Plaintiffs did not establish that their property was actually subject to the County's LCP regulations that apply to riparian corridors. *Ralston*, at *1 The *Ralston* Plaintiffs relied on a County map of the Montecito Riparian Corridor region to conclude that their property is in a riparian

---

[2] The Ralston Plaintiffs filed a motion for rehearing en banc on November 15, 2022.

corridor. *Id.* But that map contains an express caveat that biological studies and site surveys are necessary to determine the current ecological condition of the property, the current boundaries of the riparian corridor, and the applicability of the LCP. *Id.* Plaintiff relies on the same map to allege that the LCP restricts development on his property. Compl. ¶ 23, Ex. B. The map is not the final arbiter of what is or is not riparian corridor. As with *Ralston*, because Plaintiff has not given the County those biological studies and other necessary components of a permit application, he cannot plausibly allege that the County has conclusively determined that its riparian corridor regulations restrict any and all beneficial development on his property.

Second, the Ninth Circuit explained that even assuming the *Ralston* Plaintiffs' land is entirely riparian corridor, the County's LCP regulations themselves are not a final decision for ripeness purposes because the County has discretion to deviate from its LCP regulations in some circumstances. *Ralston*, at *2. Specifically, Section 30010 of the California Public Resources Code—part of the Coastal Act, which regulates coastal development—gives the County narrow authority to loosen its LCP regulations to the extent necessary to avoid a taking. *Id.* (citing *McAllister v. Cal. Coastal Comm'n*, 169 Cal. App. 4th 912, 939 (2008) and *Felkay v. City of Santa Barbara*, 62 Cal. App. 5th 30, 39 (2021).) In this case, Plaintiff has argued that his land is in a riparian corridor, the LCP prohibits development in riparian corridors, and the County has no discretion to deviate from the LCP; therefore, the LCP regulations themselves are enough to establish finality. Plf.'s Supp. Br. Re: Def.'s Mot. to Dismiss pp. 4-5, ECF No. 32. However, as the Ninth Circuit held in *Ralston*, that is not the case. "Accepting [Plaintiff's] argument that the County's LCP regulations alone serve as the County's final decision would strip the County of its ability to interpret and apply its own regulations as they relate to [Plaintiff's] property." *Ralston*, at *2. The Ninth Circuit found that the LCP gives the County the flexibility to consider any permit application, and the policies alone do not constitute a final decision on the question of developability. *Id.* at *1-*2.

Third, the Ninth Circuit held that *Ralston* Plaintiffs could not establish finality by pointing to preliminary, informal communications they received from the County's Community Development Director. *Id.* at *2. The *Ralston* Plaintiffs informally asked the Director to review their "intent" to apply for a development permit. *Id.* The Director responded with his personal opinion that it might be difficult for them to overcome the LCP regulations to build a house. *Id.* The Ninth Circuit found that this was not

1    a final decision because the Director might not have authority under the Zoning Regulations to render a

2    final decision on the *Ralston* Plaintiffs' hypothetical proposal. *Id.* Additionally, the *Ralston* Plaintiffs had

3    not submitted any permit application, which would have included the information necessary for the

4    decisionmaker to reach a final decision. *Id.* In this respect, Plaintiff's case for ripeness is even weaker

5    than the *Ralston* Plaintiffs. According to the Complaint, no County staff member has sent any signals to

6    Plaintiff about how it might respond to a hypothetical development proposal. Until Plaintiff submits a

7    complete development application, and the County issues a final decision on that proposal, his claims

8    will not be ripe.

9            "As the Supreme Court explained, a plaintiff's claim may be unripe if avenues remain for the

10   government agency to clarify or change its decision." *Ralston*, at p. *2 (citing *Pakdel*, 141 S. Ct. at

11   2231). "In light of the identified uncertainties in this case, several opportunities remain for the County to

12   do so." *Id.* Here, the County has not made any decisions with respect to the developability of Plaintiff's

13   land, so there is not even a decision to clarify or change. *Ralston* demonstrates that Plaintiff's claims are

14   unripe.

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**IV.     Conclusion**

If *Ralston* is unripe, then so is *Mendelson*. Based on the Ninth Circuit's decision in *Ralston*, and the County's earlier briefings in this case, this Court should conclude that Plaintiff has not obtained a final decision from the County about what he may do with his land. And therefore, both his Fifth Amendment regulatory taking and Fourth Amendment unreasonable seizure claims are unripe. Defendant respectfully requests the Court to grant its motion to dismiss.

Dated:  November 18, 2022                                    Respectfully submitted,

JOHN D. NIBBELIN, COUNTY COUNSEL

By: _____ */s/ Lauren F. Carroll*_____
            Lauren F. Carroll, Deputy
            Kimberly A. Marlow, Deputy
            Timothy J. Fox, Lead Deputy

Attorneys for Defendant
COUNTY OF SAN MATEO