PAUL J. BEARD II (State Bar No. 210563)
**FISHERBROYLES LLP**
4470 W. Sunset Blvd., Suite 93165
Los Angeles, CA 90027
Telephone: (818) 216-3988
Facsimile: (213) 402-5034
E-mail: paul.beard@fisherbroyles.com

Attorney for Plaintiff FELIX MENDELSON, as trustee for
THE SHTAIMAN FAMILY TRUST

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELIX MENDELSON, as trustee for THE SHTAIMAN FAMILY TRUST,<br><br>                  Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO, and DOES 1 to 50, inclusive,<br><br>                  Defendants. | Case No.: 3:20-cv-05696-AGT<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S NOV. 3, 2022, ORDER LIFTING STAY AND REOPENING CASE (ECF NO. 46)**<br><br>Judge: Hon. Alex G. Tse |

The Ninth Circuit's unpublished memorandum in *Ralston v. County of San Mateo*, 2020 U.S. App. LEXIS 30289 (9th Cir. Nov. 1, 2022) ("Memo") is not precedent. Circuit R. 36-3(a). Nor is the short Memo persuasive, especially given its limited analysis of certain legal points, as well as of facts that differ from those in this case. Even after *Ralston*, Defendant County of San Mateo's motion to dismiss should be denied.

First, in finding the takings challenge unripe, the *Ralston* Court relied principally on the fact that the appellant (hereinafter, "Ralston") "does not clearly allege that his property is located in a defined riparian corridor subject to the County's LCP development restrictions." Memo at *2. It appears Ralston relied only on the 2006 map on the County's website to support his allegation that his property is—in his words—"depicted" as being entirely within a riparian corridor. *Id.* For the Court, Ralston's allegations about his property's location relative to the riparian corridor were factually insufficient, causing the Court to express concerns about the "uncertainties in this case." *Id.* *6.

There are no such uncertainties here. Plaintiff Felix Mendelson more-than-adequately alleges that his lots, including all road-access thereto, are literally overrun in their entirety by vegetation. Complaint, ¶¶ 22-23. Significantly, the complaint includes a clear aerial photograph showing that his lots are completely covered with vegetation. *Id.*, ¶ 22. Mr. Mendelson alleges—as a factual matter—that the photograph "is an accurate depiction of the current condition of the site." *Id.* The aerial confirms the County map's inclusion of his lots in the riparian corridor. Complaint, Exh. B. Mr. Mendelson's extensive factual allegations and demonstratives go beyond Ralston's more limited statements (as characterized in the Memo) and must be accepted as true. *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 922 (9th Cir. 2013) ("On a motion to dismiss, the factual allegations in the complaint are accepted as true, and the pleadings are construed in the light most favorable to the non-moving party.").

Second, the *Ralston* Court assumed without deciding that "a categorical regulation"—like the County's Local Coastal Program ("LCP") categorically prohibiting all development in the riparian corridor—"could itself constitute a final decision for ripeness purposes." Memo at *4. The Court did not decide that legal question. But the Court summarily concluded that section 30010 of

the Coastal Act allows the County to deviate from that categorical prohibition. *Id.* The Court reached that conclusion with no real discussion of section 30010's text or purpose, or of the decisional law that has interpreted section 30010.

Moreover, the two cases cited by the Court are easily distinguishable. *McAllister v. Cal. Coastal Comm'n*, 169 Cal. App. 4th 912 (2008) stands for the proposition that "section 30010 … generally authorizes it [i.e., *the California Coastal Commission*] to approve non-resource-dependent uses in habitat areas"—i.e., uses expressly disallowed by the applicable land-use regulations—"where doing so is necessary to avoid an unconstitutional taking." *Id.* at 939. *McAllister* decidedly does **not** say, let alone hold, that section 30010 permits a **local government** to relax or otherwise deviate from land-use restrictions and prohibitions imposed by its own LCP.

In *Felkay v. City of Santa Barbara*, 62 Cal. App. 5th 30 (2021), the California Court of Appeal was not asked to, and did not, consider whether section 30010 allows a local government to suspend its LCP to avoid a taking. That point was assumed without argument or analysis. *Id.* at 37. "It is axiomatic that cases are not authority for issues not considered." *Khrapunov v. Prosyankin*, 931 F.3d 922, 933 (9th Cir. 2019); *People v. Ault*, 33 Cal.4th 1250, 1268 n. 10 (2004) (same). Nor are they persuasive or helpful in resolving such unconsidered issues. *See also United States v. Carlson*, 900 F.2d 1346 (9th Cir. 1990) ("Neither of the decisions cited by the government assist us since they simply assume assimilation without analyzing whether the state statute at issue is criminal or noncriminal.").

In sum, *Ralston*'s conclusory paragraph about section 30010 should not affect in any way this Court's own analysis of that provision.

Third, the Court rejected *Ralston*'s alternative "ripeness" argument based on certain "informal responses he received from" County officials. Memo at **4-5. Whatever their merit, those *Ralston*-specific allegations are not present in this case and therefore cannot properly be the basis for finding Mr. Mendelson's takings claim is unripe.

Finally, *Ralston* did not involve a "seizure" claim. Thus, nothing in *Ralston* affects the analysis of Mr. Mendelson's "seizure" claim.

/ / /

DATED: November 18, 2022

          /s/ Paul Beard II
PAUL J. BEARD II
Attorney for Plaintiff FELIX MENDELSON